The Chicago and Alton Railroad Company

*v.*

The People *ex rel.* Philip Wolff, County Collector.

*Opinion filed December 16, 1903.*

1. Schools—*when informality in certificate of school tax is not fatal.* That the certificate of school directors fixes the rate at which the tax shall be extended instead of specifying the amount of money required, leaving the county clerk to ascertain the rate, does not invalidate the tax.

2. Same—*a school board can levy but two classes of taxes.* A school board may levy but two classes of taxes,—one for educational purposes and one for building purposes,—and any bonded indebtedness incurred for either of such purposes must be paid out of the levy for that purpose, which levy cannot exceed the rate provided by statute. (Language in *Baltimore and Ohio Southwestern Railway Co. v. People,* 195 Ill. 423, criticised.)

Appeal from the County Court of St. Clair county; the Hon. John B. Hay, Judge, presiding.

CHARLES P. WISE, for appellant.

JAMES A. FARMER, State's Attorney, (AUGUST BAR-THEL, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On August 1, 1902, the directors of school district No. 4, township 2, range 10, St. Clair county, Illinois, certified to the county clerk of that county a tax levy of two and one-half per cent for school purposes and one and one-fourth per cent for building purposes, on the taxable property of the district, for the year 1902. Appellant is the owner of property in that school district. It paid all of its taxes except the tax levied for building purposes. The county collector applied, at the June term, 1902, of the county court of that county, for judgment and order of sale against the lands of appellant, among others, for delinquent taxes. Appellant filed its written objections to the tax for building purposes above mentioned, and upon a hearing the objections were overruled, a judgment and order of sale entered against its real estate for this tax, and it appeals to this court.

It is objected that the certificate of the directors was not in proper form. The certificate recites that the directors require "the amount of two and one-half per cent" to be levied for school purposes "and one and one-fourth per cent for building purposes." The statute requires the directors to certify the amount of money that is to be raised for their purposes, and leaves with the county clerk the clerical duty of ascertaining the rate at which the tax shall be extended, and the position of appellant is, that the certificate should state the amount of money required instead of stating the rate at which the tax shall be extended. In *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, we held that a certificate in the same form as this one was not a strict compliance with the statute, but that the informality did not invalidate the

tax. We are not inclined to depart from the rule there announced.

It appears from the testimony taken in the case that there are two school houses in the district. One was built between October, 1888, and January 1, 1901. The other was built in the fall of 1901. In October, 1888, bonds to the amount of $4000 were issued in accordance with a vote of the people of the district, and the proceeds were used in erecting the first school house. Upon a like authorization, bonds to the amount of $2200 were issued in September, 1901, and the proceeds were used in building the second school house. The greater part of all this bonded indebtedness is still outstanding. At the time of the levy of the tax for building purposes in 1902 no building had been done by the directors since the completion of the school house in 1901, and so far as appears no indebtedness of the district contracted for building purposes was in existence except the bonded indebtedness above mentioned. No building operations were in contemplation, but the building tax was levied with the purpose of applying it upon the bonded indebtedness. The question to be determined is, can a tax be legally levied for building purposes when the intention of the directors is not to pay directly for the construction of buildings, but is to apply the tax, when collected, to the payment of bonds of the district the proceeds of which were used for building purposes.

Section 12 of article 9 of the constitution of the State of Illinois, so far as applicable, is as follows: "No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness. Any county, city, school district or other municipal cor-

poration, incurring any indebtedness as aforesaid, shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same."

Section 202 of chapter 122, Hurd's Revised Statutes of 1901, so far as applicable, provides: "For the purpose of establishing and supporting free schools for not less than six nor more than nine months in each year, and defraying all the expenses of the same of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses in each district, village or city, anything in any special charter to the contrary notwithstanding, the directors of such district and the authorities of such village or city shall be authorized to levy a tax annually upon all the taxable property of the district, village or city, not to exceed two and one-half per cent for educational and two and one-half per cent for building purposes (except to pay indebtedness contracted previous to the passage of this act,) the valuation to be ascertained by the last assessment for State and county taxes."

The position of appellant is, that there are three legal ways by which school boards may impose taxes: one under the constitutional provision for the purpose of paying interest and principal of bonded indebtedness, one for educational purposes under the statute, and one for building purposes under the statute, and that the tax here involved having been levied for building purposes when it should have been levied to pay principal and interest of bonded indebtedness, cannot be sustained, even though that bonded indebtedness was incurred for building purposes. Language is found in the case of *Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 195 Ill. 423, which perhaps lends support to this view, but what was

there said upon which appellant relies was unnecessary to the disposition of the question then before the court, and was, and, should be treated as, mere *obiter*. There the school board levied one tax for school purposes, another tax for building purposes and still another for interest and sinking fund, which latter tax was to be applied upon the principal and interest of a bonded indebtedness incurred in obtaining money to be used for building purposes. The tax levy for building purposes in that case was held invalid for reasons unnecessary to repeat here. The tax for interest and sinking fund was sustained. That tax had not been objected to in the court below, and, in fact, had been paid by the objector before the filing of the objections. The county court, however, deeming it illegal, held that it should not be paid. It was properly sustained by this court for the reason that it had been paid and because no objections had been filed to it. While it is true that the section of the constitution from which we have quoted is self-executing, it is equally apparent that the legislature intended, by the language of section 202, *supra*, to limit the levy of taxes by school officers to the rates fixed by that section of the statute, and that enactment is not in conflict with the constitutional provision under consideration. If a bonded indebtedness has been incurred for educational purposes, the tax to meet it must be levied as an educational tax, and if such indebtedness has been incurred for building purposes, the tax levied to meet it must be levied for building purposes, and the tax levied for either purpose, whether or not it includes any sum to be applied upon bonded indebtedness, cannot exceed the rate fixed by the statute for such purpose.

We therefore hold that a school board can levy but two taxes,—one for building purposes and one for educational purposes,—and that bonded indebtedness must be paid out of the taxes so levied, and that the levy can not exceed the rates provided by the statute. The term

"educational," as used in section 202, *supra,* and the term "school," as used in the form for the certificate of the levy, which is found in the succeeding section of the statute, were intended by the legislature to describe and refer to the same tax.

The judgment of the county court will be affirmed.

*Judgment affirmed.*