# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

THE PEOPLE *ex rel.* Robert Selby, County Collector.

*Opinion filed February 17, 1904.*

1. SCHOOLS—*when court will not prevent collection of school tax.* In the absence of fraud, courts will not prevent the collection of a tax for school purposes within the limit allowed by law, upon the ground that the school directors have levied more than is apparently necessary for school purposes during the ensuing year.

2. SAME—*collection of tax not prevented on ground that funds are to be diverted.* Collection of a tax legally levied will not be prevented upon the ground that the fund is to be diverted to a purpose other than that for which the tax was levied, since a court of equity may prevent a misappropriation of the fund after the tax is collected.

3. SAME—*courts cannot control discretion of school directors.* So long as school directors keep within the limit of two and one-half per cent in levying a tax for school purposes, and no fraud in the levy is shown, their discretion cannot be controlled by the courts.

4. SAME—*tax for "building purposes" may be levied to pay bonds issued for building.* School directors may levy a tax for "building purposes" within the legal limit, to pay bonds and interest, the proceeds of which have been used for erecting school houses.

5. SAME—*when school directors cannot levy tax for "building purposes."* A tax for "building purposes" cannot be levied to raise a fund to

be used at some time in the future for a school house, the erection of which is not definitely decided upon.

6. SAME—*tax for "building purposes" is intended to provide for ensuing year only.* The tax levy for "building purposes" is intended to provide for the wants of the school district in that respect during the ensuing year only, and not for its further future needs.

APPEAL from the County Court of Moultrie county; the Hon. E. D. HUTCHINSON, Judge, presiding.

R. M. PEADRO, (GEORGE F. McNULTY, of counsel,) for appellant.

W. K. WHITFIELD, (GEORGE A. SENTEL, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Moultrie county for certain delinquent taxes levied against the property of the appellant in school district No. 29, in Whitley township, in said county. The board of directors of said school district made a tax levy of $1800 for "school purposes" and $1000 for "building purposes" upon the taxable property of said school district for the year 1902. The appellant paid all of said tax levied against its property except $146.44 for "school purposes" and $223.80 for "building purposes," and filed objections to judgment against its property on the grounds, *first*, that all of the levy for school purposes in excess of $1100 was illegal and void for the reason that no greater sum was required for school purposes than $1100, and that the difference between $1800, the amount of the levy for school purposes, and $1100, had been illegally and fraudulently made, for the purpose of being used to pay bonded indebtedness and interest on bonds; *second*, that the $1000 levied for building purposes had not been levied for building purposes, as at the time of the levy it was not the intention or purpose of the board of directors to

use the said sum, or any part thereof, for building purposes, for the reason no school house had been built or was being built, but said levy was made for the purpose of paying bonds and interest on bonds.

It was stipulated on the trial that the total assessed value of all the real and personal property in school district No. 29, at the last assessment for State and county purposes, was $74,764, and that the total assessed value of the property of appellant in said school district was $17,220, and that the levy as made for school purposes had been made at the rate of two and one-half per cent and that the levy for building purposes had been made at the rate of one and three-tenths per cent.

It is contended that only $1100 was required for school purposes, and that the remaining $700 of the $1800 levied for school purposes was to be used in paying the outstanding bonds of the district issued by it to obtain funds which had been used by the district with which to construct a school house. The evidence found in the record fails to sustain such contention. While it does appear that the district had outstanding bonds to the amount of $1500, the proceeds of which had been used by the district with which to erect a school house, it clearly appears from the evidence it was not the intention of the board of directors to use any part of the $1800 levied for school purposes with which to pay said bonds or the interest thereon. The levy for school purposes was only for two and one-half per cent of the taxable property of the district and was within the limit allowed by the statute. Within that limit the board of directors were clothed with a large discretion in determining the amount necessary to be raised for maintaining free schools in the district and with which to pay the ordinary and contingent expenses thereof, and when it appears that a tax levy is clearly within the statutory power conferred upon the board of directors, the courts, in the absence of fraud, are powerless to prevent the collection of the tax

from the fact alone that more has been levied by the board of directors than the court might find was necessary to maintain free schools and meet the expenses of maintaining the same in the school district for the ensuing school year.    Nor will the courts decline to enforce the collection of a tax legally levied by reason of the fact that it may be proposed to divert the tax, when collected, to a purpose other than the purpose for which it was levied, as, after the tax has been collected, equity will readily interfere at the suit of the tax-payer to prevent a misappropriation of the fund. (*Town of Lemont* v. *Singer & Talcott Stone Co.* 98 Ill. 94; *Lawrence* v. *Traner*, 136 id. 474.) In the latter case, on page 483 it is said: "Within the limit prescribed by the statute the board of directors are necessarily clothed with a large discretion in determining the amount necessary to be raised for maintaining free schools within their district and to pay the ordinary and contingent expenses thereof.    When, as here, the levy is clearly within the power conferred upon the directors, it will constitute no ground for a court of equity to interpose, and by injunction to prevent the collection of the tax, because more has been levied than the court might find was necessary for the authorized purpose. (*Town of Lemont* v. *Singer & Talcott Stone Co. supra.*)    It is also the well established rule, that when taxes levied for a proper purpose by a body authorized by law to impose them do not exceed the amount or rate allowed by law, the fact that it may be proposed to divert them to another purpose, even though such purpose be illegal, will not authorize a court of equity to restrain their collection. After the collection of the tax, equity will interpose and prevent its misappropriation."    This case was a bill to enjoin the collection of a school tax, but what was there said applies with equal force to the case at bar.

The boards of school directors in this State are elected by the people to represent them in the matter of providing free schools in which to educate their children.    The

statute has conferred upon such boards the power to levy a tax up to the limit of two and one-half per cent upon the taxable property of the district for school purposes, and so long as such boards keep within that limit and no fraud in the tax levy is shown, the discretion vested in the board of directors cannot be controlled by the courts.

It is next contended that the $1000 tax levied for "building purposes" is invalid, on the ground that the tax thus sought to be raised is to be used, when collected, to pay the bonded indebtedness, and interest thereon, of the district, or in the erection of a school house which had not been agreed upon by the board of directors at the time the tax levy was made. The evidence shows that said district, at the time of the tax levy, had three bonds, of $500 each, outstanding, which bore interest at five per cent per annum, maturing, respectively, in 1904, 1905 and 1906, and that the proceeds of said bonds had been used by the district for the purpose of erecting a school house, which was then in use by the district. In *Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625, it was held the board of directors of a school district, under the power conferred upon such boards by section 202 of chapter 122 of Hurd's Statutes of 1901, may rightfully levy a tax of not to exceed two and one-half per cent of the taxable property of the district for building purposes, and use the fund thus raised to pay the outstanding bonds, and interest thereon, of the district, the proceeds of which had theretofore been used by the district with which to erect a school house. Here, however, it was shown the board of directors did not intend to use the $1000 levy for "building purposes" with which to pay said bonds and interest, but that it was their intention to use the fund thus raised to erect a school house, the erection of which they then had in contemplation but the erection of which they had not fully agreed upon. We think it clear the board of directors of a school district cannot levy a tax

for "building purposes" with a view to accumulate a fund to be used at some time in the future with which to build a school house, the erection of which they have in contemplation but which they have not decided to build at the time the tax levy is made, and which has an existence only in the minds of the several members of the boards of directors at the time of the tax levy. The section of the statute under which the levy for building purposes was made designates the levy as an "annual tax levy," and the section, as a whole, clearly indicates that the levy made by virtue thereof is intended to provide for the wants of the school district for the ensuing school year only, and not for its further future needs. The taxpayer has the right to be informed, when he is called upon to pay a tax, what the tax is levied for and how the money paid by him is to be expended by the board of directors. The record in this case shows no bonds of the district would mature in the year 1903; that it was not the intention of the board of directors to use the money raised for "building purposes" by said tax levy in payment of outstanding bonds of the district, and that the erection of a school house had not been determined upon by the board of directors at the time the tax levy for "building purposes" was made. There was, therefore, no basis for a valid tax levy for "building purposes" existing in said school district at the time the levy for that purpose was made, hence the tax of $1000 for "building purposes" was void.

The judgment of the county court will be reversed as to the tax levy for "building purposes," and as to the tax levy for "school purposes" affirmed. In pursuance of section 192 of the Revenue act (3 Starr & Cur. Stat.—2d ed. —p. 3478,) a judgment will be rendered in this court for the sum of $146.44, (the amount of the said tax levy for "school purposes,") with ten per cent damages on that amount, and it is ordered that so much of the amount deposited by appellant with the collector upon the taking

of this appeal as shall be necessary to pay and satisfy said judgment be credited upon the same, and that execution issue for any balance remaining unpaid. The clerk of this court will enter judgment accordingly and transmit to the county collector a certified copy of the same.

*Judgment in this court.*