THE PEOPLE ex rel. I. N. Biebinger, County Collector,

v.

THE PEORIA AND EASTERN RAILWAY COMPANY.

*Opinion filed June 23, 1905.*

1. TAXES—*right of school directors to levy annual tax to create sinking fund to pay bonds.* School directors may levy an annual tax for building purposes, within the statutory limit, not only to pay the interest upon outstanding bonds, the proceeds of which have been used to build a school house, but also to create a sinking fund which shall be sufficient to pay the principal of the bonds when due (*C., C., C. & St. L. Ry. Co.* v. *People,* 208 Ill. 9, distinguished.)

2. SAME—*when tax levy to pay the difference between cost of school house and amount of bonds is valid.* A tax levy for building purposes, to make up the difference between the cost of the school house and the amount realized from the sale of bonds, is valid, where the vote by which the erection of the building was authorized did not limit the cost of the building to the amount of bonds voted nor specify the purpose for which the bonds were to be issued.

3. SAME—*proportion of sinking fund to be accumulated each year is discretionary with school directors.* What proportion of a sinking fund to pay bonds issued for building purposes shall be accumulated each year is a matter of discretion with the school directors, which will not be interfered with by the courts where the amount levied for building does not exceed the statutory limit.

APPEAL from the County Court of Piatt county; the Hon. F. M. SHONKWILER, Judge, presiding.

This is an appeal from an order of the county court of Piatt county, sustaining objections of the Peoria and Eastern Railway Company to the rendition of judgment in the sum of $105.51 against its property for delinquent school tax, levied for building purposes by the directors of school district No. 7 of said county.

Several objections to the entry of judgment against the property of the appellee company were filed, but the present appeal is prosecuted from only so much of said judgment, as sustained the eighth objection, filed by the appellee company. The objections to judgment against the land, lots and rail-

road property of the objector for taxes, special assessments, interest, penalties and costs for the year 1903 and former years, amounting in the aggregate to the sum of $453.98, were sustained, and judgment for such delinquent taxes, special asessments, interest, penalties and costs against the said company was refused. But objection 8 goes only to a portion of the district school tax levied for school building purposes upon the property of the said company for the year 1903 in school district No. 7 in Blue Ridge township, and amounting to the sum of $105.51.

Objection 8, after stating that the sum of $105.51, being the amount of said school tax objected to, is a portion of the tax attempted to be levied for school building purposes upon objector's property in said school district No. 7, proceeds to allege that said school district has not erected any school buildings in said district since 1893, and that it is not intending to build any new school buildings in said district, for which funds are required to be raised by taxation for the year 1903; that said district does not owe any indebtedness for school buildings except in this, that it has bonds to the amount of $7100.00 outstanding, none of which bonds mature until July 1, 1908; that the annual interest on the said bonds is $426.00; that there was levied for said school district for school purposes the sum of $3000.00, and for building purposes the sum of $1600.00, making a total of $4600.00 levied in said district in 1903; that the equalized value of the property in said district is $166,926.00; that, under the law, the directors of said district could only levy $426.00 for all building purposes, being the annual interest on said bonds; that the rate extended by said county clerk is $2.80, and the amount that could be lawfully levied in said district for the year 1903 was $3426.00, and that a rate of $2.10 on the valuation of property in said district for the year 1903 would produce more than that sum; that the excess rate is seventy cents, and the excess tax, levied against the property of the objector, is $105.51. Objection 8½ is, that since 1903

the directors of said school district have caused to be levied the sum of $3300.00 ($13,300) for building purposes; that after paying the interest on the bonds of said district during said time, there should now be in the hands of the school officials of said district the sum of $9000.00 more than sufficient to pay all outstanding bonds.

H. J. HAMLIN, Attorney General, and CHAS. F. MANSFIELD, State's Attorney, for appellant.

GEORGE C. RIDER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In May, June and July, 1893, elections were held in the school house in Mansfield, Illinois, in pursuance of notices, duly given by the directors of district No. 2, town 20, range 6, east, at which a school house site was selected, and at which the following propositions were elected: first, the proposition of building a school house in said township; second, the issue of bonds of said school district No. 2 to the amount of $7100.00 due in fifteen years after date, with interest not to exceed six per cent per annum, payable semi-annually or annually at the pleasure of the directors. In pursuance of these elections eight school bonds were issued, seven for $1000.00 each, and one, No. 8, for $100.00, amounting altogether to $7100.00, dated July 1, 1893, and maturing July 1, 1908. The amount of these bonds, to-wit, $7100.00, was the only indebtedness of the school district existing in 1893. The annual interest on the bonds is $426.00. The bonds were sold for $6963.00, which amount was used in the erection of a school house upon the site selected. The school building was not completed until the summer of 1903, and cost in the neighborhood of $12,000.00. The remainder of the cost of the building, after applying the proceeds of the sale of the bonds, was raised by special tax levies. The testi-

mony shows that about $6500.00 was levied for building purposes during the five years between 1893 and 1898, and this $6500.00 was applied towards the completion of the school building. On July 20, 1903, the sum of about $3000.00 was in the hands of the township treasurer of said school district. This sum of $3000.00 was raised for the purpose of paying off the bonds that were issued in 1893 for the building of a school house in said district No. 7. Interest on the bonds was also paid during the first six years of the period, during which the bonds were running.

On July 21, 1903, a certificate of levy of the school directors of said district No. 7 was filed in the office of the township treasurer, and was to the following effect: "We hereby certify that we require the amount of $3000.00 to be levied as a special tax for school purposes, and $1600.00 for building purposes on the taxable property of our district for the year 1903. Given under our hands this 20th day of July, A. D. 1903." This certificate was signed by the school directors.

The contention of the appellee company is, that the sum of $1600.00, proposed to be raised by the school directors for building purposes for the year 1903, was excessive, and that the only amount, which they could lawfully raise by taxation for that year, was $426.00, being the amount of annual interest due for that year upon the school bonds amounting to $7100.00. As we understand the argument of counsel, the excess in the amount of the tax for 1903 for building purposes, which is complained of, only exists in case the district can lawfully levy no more than $426.00 for building purposes for that year. If, however, the district had, or has, the power to raise, besides the amount of $426.00 necessary to pay the interest on the bonds, an additional amount as a sinking fund to be applied to the payment of the principal of the bonds, then the levy of a tax equal to, or exceeding, the excess complained of would be legal and valid. As $1600.00 is the amount sought to be raised for building purposes, and

$426.00 is the only amount which, as is claimed by appellee, can be lawfully raised, then the difference between $1600.00 and $426.00, to-wit, $1174.00 is charged to be excessive and illegal. Section 1 of article 8 of the School law, as amended in 1899, provides that "for the purpose of establishing and supporting free schools for not less than six nor more than nine months in each year, and defraying all the expenses of the same of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses in each district, village or city, anything in any special charter to the contrary notwithstanding, the directors of such district and the authorities of such village or city shall be authorized to levy a tax annually upon all the taxable property of the district, village or city not to exceed two and one-half per cent for educational and two and one-half per cent for building purposes (except to pay indebtedness contracted previous to the passage of this act), the valuation to be ascertained by the last assessment for State and county taxes." (4 Starr & Curt. Ann. Stat. pp. 1168, 1169).

As the equalized valuation of the property of said school district No. 7 for the year 1903 is admitted to be $166,926.00, and as said section 1 authorizes the levy of an annual tax of two and one-half per cent on that amount for building purposes, it is difficult to see how $1600.00 can be regarded as an excessive levy, it being much less than the two and one-half per cent, allowed by the statute.

It is said, however, that the school house has been built and finished and paid for; that no school buildings have been erected in said district since 1893, and that the district does not intend to build any new school buildings, for which funds are required to be raised by taxation for the year 1903. While this is so, it is yet true that there are outstanding and unpaid school bonds to the amount of $7100.00, the principal of which will mature and be payable on July 1, 1908. The position of counsel for appellee seems to be, that no levy for

building purposes can be made, unless a building is to be built or building bonds are to mature during the year for which the levy is made; and it is said that, inasmuch as no school building is to be erected in 1903, and none of the school bonds already issued mature in 1903, no tax levy can be made except to pay the annual interest falling due in that year, amounting to $426.00. If this position is correct, then no tax levy could be made for the payment of the principal of these bonds until a tax levy is made for the year 1908. As the bonds amount to $7100.00, and two and one-half per cent on the equalized value of the property in the district for 1908 (upon the supposition that the equalized value for 1908 will be the same as, or greater than, the equalized value for 1903), would be some $3000.00 less than $7100.00, then the tax levy for 1908 to pay the whole amount of the principal of the bonds would exceed the two and one-half per cent limited by said section 1, and would be an illegal levy. Two and one-half per cent of $166,926.00 is $4173.15, and a tax levy to raise $7100.00 to pay the principal of the bonds for 1908, and $426.00 to pay the interest on the same for that year, would far exceed the statutory limit.

Section 12 of article 9 of the constitution provides that "no county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five percentum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness. Any county, city, school district or other municipal corporation incurring any indebtedness as aforesaid, shall before or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." This provision of the constitution has been held to be self-executing. (*City of*

*East St. Louis* v. *People,* 124 Ill. 655; *East St. Louis* v. *Amy,* 120 U. S. 600). It was the duty of the school directors, when these bonds were issued in 1893 and a debt to the amount of their face was then incurred, to provide for the collection of a direct annual tax, sufficient to pay the interest upon the bonds as it fell due, and also pay and discharge the principal. If they did not make such provision, they could, under the requirement of the constitution, be forced to do so. We see no reason, therefore, why the school directors have not the power to levy a tax annually, not only for the purpose of paying the interest due for the current year, but also for the purpose of accumulating a sinking fund to pay the principal of the bonds when they fall due.

In *Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625, it was held that a tax could be levied for interest and sinking fund; and that a tax could be legally levied for building purposes, when the intention of the directors was not to pay directly for the construction of buildings, but was to apply the tax when collected to the payment of bonds of the district, the proceeds of which were used for building purposes; and in that case we said (p. 629) : "If a bonded indebtedness has been incurred for educational purposes, the tax to meet it must be levied as an educational tax, and if such indebtedness has been incurred for building purposes, the tax levied to meet it must be levied for building purposes, and the tax levied for either purpose, whether or not it includes any sum to be applied upon bonded indebtedness, can not exceed the rate fixed by the statute for such purpose. We, therefore, hold that a school board can levy but two taxes,—one for building ·purposes and one for educational purposes,—and that bonded indebtedness must be paid out of the taxes so levied, and that the levy cannot exceed the rates provided by the statute."

In the case at bar, although it was not the intention of the directors to pay directly for the construction of buildings, yet it was to apply the tax of $1600.00 to be levied for building

purposes, when it was collected, to the payment of bonds of
the district, the proceeds of which were used for building
purposes.   The sum of $6963.00, for which the bonds were
sold, was applied to the erection of the building, and, in ad-
dition to that, $6500.00, raised by the levy of special taxes,
was also applied to the construction of the building.   Taxes
also have been levied since 1893 for the purpose of paying
the annual interest of $426.00 on the bonds as it fell due.
Even if the application of the $6500.00, so raised by taxa-
tion, was a diversion of the fund, as is claimed by appel-
lee, yet the bonds still remain unpaid, and the holders of the
bonds are not to suffer, even if the directors did apply money,
raised by taxation, to the construction of the school building
instead of using it to accumulate a sinking fund for the pay-
ment of the bonds.   It appears from the evidence here that
the people authorized the building of the school house by a
majority vote;  and where a school house has been author-
ized by a vote of the people, the directors may make levies
from time to time to build such a building as they direct by
their vote to be built, or as the directors in their discretion
determine to build, where the character and price of the
building are not determined by the vote taken.   The statute
does not require the cost of a school building to be erected to
be submitted to the voters of the district   (*People* v. *Chicago
and Northwestern Railway Co.* 186 Ill. 139).   A levy for
building purposes, within the statutory limit, to make up
the difference between the cost of a school building and the
amount realized from the sale of bonds, is valid, where the
election, at which the erection of the building was authorized,
did not limit the cost to the amount of the bonds voted, nor
specify the purpose for which the bonds were to be issued.
(*People* v. *Chicago and Northwestern Railway Co.* 186 Ill.
139).   This being so, there was no improper diversion of the
funds when the $6500.00, raised by taxation, was applied
towards the erection of the building.   It appears from the
testimony that there is now in the hands of the township

treasurer the sum of $3000.00, which has been raised for the purpose of paying off the bonds in question, showing that the annual tax levies since 1893 for building purposes have not only been to pay the annual interest on the bond issue, and to complete the building commenced in 1893, but also to create a sinking fund to pay the bonds at their maturity. If the sum of $3000.00 now in the treasury is held as a part of a sinking fund to pay the bonds at their maturity, then there remains only $4100.00 of principal, together with accruing interest for the years between and including 1903 and 1908, and, so long as the school directors do not exceed their power, it is discretionary with them what proportion of the sinking fund to be accumulated shall be raised each year by an annual tax. We are not prepared to say that they have exceeded their authority in seeking to levy a tax of $1600.00 for the year 1903, inasmuch as that amount comes within the percentage, to which they are limited by the statute. They are authorized by the statute to levy two and one-half per cent for building purposes annually, and when such levies are made in good faith and for a proper object, courts will not interfere with their action, nor attempt to control the discretion, vested in them by the statute. We see nothing here to indicate that the levy was not made in good faith, and if it was made for the purpose of accumulating a sinking fund to pay the principal, as well as to pay the interest for the current year, it was levied for a proper object. (*Chicago and Alton Railroad Co.* v. *People*, 205 Ill. 625; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People*, 208 id. 9; *Peoria and Pekin Union Railway Co.* v. *People*, 183 id. 25).

It seems to be the contention of appellee that, because the district built the school house at a cost of something over $12,000.00, while the sum of only $6963.00 was realized from the sale of bonds, and the difference was paid by levies for building purposes, such levies were illegal, and the use of funds for that purpose was a diversion of the same. We do

not think that there was an improper diversion of the funds for the reason stated. But if there was, courts will not decline to enforce the collection of a tax, legally levied, by reason of the fact that it may be proposed to divert the tax when collected to a purpose other than the purpose for which it was levied, as, after the tax has been collected, equity will readily interfere at the suit of the tax-payer to prevent a misappropriation of the fund. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 208 Ill. 9; *Lawrence* v. *Traner,* 136 id. 474).

Where school directors are authorized to build a school house, they may make levies within the statutory limit for that purpose, and although a contract may have been entered into by them for a building in excess of the constitutional limit, that will not invalidate a levy for building purposes otherwise valid. (*Wabash Railroad Co.* v. *People,* 202 Ill. 9). Therefore, the levy here made is not invalid, because the school house cost more than $12,000.00, which exceeds the constitutional limit of indebtedness. The indebtedness, created by the contract for the school building, is valid to the amount within the statutory limit, even though the directors have attempted by the contract to create an indebtedness greater than the district can lawfully incur. (*Wabash Railroad Co.* v. *People, supra*).

It is said that the views, here advanced by the appellee company, are sustained by the case of *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 208 Ill. 9, but the latter case is not an authority for holding that a tax for building purposes cannot be levied to pay maturing bonds, issued for the construction of a school building until the year they fall due. The holding of that case is, that a levy of a thousand dollars for building purposes cannot be sustained, where it was designed to raise money with which to build a school house, which the directors thought might be built at some future time, but which no arrangements had been made to build, notwithstanding the district had outstanding three

bonds, which had been issued for building purposes that would mature in one, two and three years after the levy. In that case it was said (p. 13) : "In *Chicago and Alton Railroad Co.* v. *People*, 205 Ill. 625, it was held the board of directors of a school district, under the power conferred upon such boards by section 202 of chapter 122 of Hurd's Statutes of 1901, may rightfully levy a tax of not to exceed two and one-half per cent of the taxable property of the district for building purposes, and use the fund thus raised to pay the outstanding bonds, and interest thereon, of the district, the proceeds of which had theretofore been used by the district with which to erect a school house. Here, however, it was shown the board of directors did not intend to use the $1000.00 levy for 'building purposes' with which to pay said bonds and interest, but that it was their intention to use the fund thus raised to erect a school house, the erection of which they there had in contemplation, but the erection of which they had not fully agreed upon. We think it clear the board of directors of a school district cannot levy a tax for 'building purposes' with a view to accumulate a fund to be used at some time in the future with which to build a school house." In the case at bar, the levy was to pay bonds issued for building purposes, while in the case referred to it was shown that the levy was to build a building, which might never be built, and which had not even been agreed upon by the board of directors. In other words, it was there held that a levy made to raise funds to be used upon a possible future contingency was invalid. The case has no application to the case at bar.

For the reasons above stated, we are of the opinion that the county court erred in sustaining the objections of the appellee company to the entry of judgment, which objections were numbered 8 and 8½. Accordingly, the judgment of the county court of Piatt county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*