St. Louis, Alton and Terre Haute Railroad Company

*v.*

The People *ex rel.* Philip Wolf, County Treasurer.

*Opinion filed February 21, 1907.*

1. Taxes—*levy of town tax in gross sum for "town purposes" is invalid.* A levy of a town tax in a gross sum for "town purposes," there being nothing further in the certificate of levy to show what such purposes were, is invalid.

2. Same—*rule for extending tax levied at the maximum rate.* Where a tax levy equals the maximum rate allowed by the law, the total amount of tax which may be lawfully extended is ascertained by computing the tax, at that rate, upon the basis of the equalized value as fixed by the State Board of Equalization, then, for all taxes other than State taxes, the rate percentum against each $100 is ascertained by dividing the result so obtained by the valuation as fixed by the county board of review.

3. Same—*power of a board of education to levy tax to create sinking fund to pay bonds.* A board of education has power to levy an annual tax for "building purposes," within the statutory limit, which shall be sufficient not only to pay the interest on outstanding bonds, the proceeds of which have been used in erecting school buildings, but also to create a sinking fund sufficient to pay the principal of the bonds when they fall due. (*People* v. *Peoria and Eastern Ry. Co.* 216 Ill. 221, followed.)

4. Same—*when an objection to a certificate of levy is waived by stipulation.* An objection that a certificate of levy by the board of education states that the tax is to pay principal and interest on bonded indebtedness instead of stating it to be for "building purposes," is waived by a stipulation by which the objectors to the tax agree that the levy was made for the purpose of paying principal and interest on school bonds, the proceeds of which were entirely used in erecting school buildings in the district.

5. Same—*when tax should not be computed on the State board's valuation.* Where the amount of a tax for school purposes is less than the maximum rate allowed by law, the valuation fixed by the county board of review, and not that fixed by the State Board of Equalization, is properly used in computing the tax at such rate.

6. Same—*tax for purchase of a school site is properly included in tax for building purposes.* A tax levied for the purchase of a school house site, authorized by a vote of the people of the district, is properly included in the tax for building purposes.

Appeal from the County Court of St. Clair county; the Hon. John B. Hay, Judge, presiding.

R. J. Kramer, (John G. Drennan, of counsel,) for appellant.

James A. Farmer, State's Attorney, (August Barthel, of counsel,) for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from the judgment of the county court of St. Clair county overruling certain objections of appellant to certain taxes and portions of taxes upon application being made for judgment by the county collector.

Appellant objected to all the town taxes in the towns of Centreville Station, St. Clair, Freeburg, Lenzburg and Marissa. The objections to this tax were, that the towns had levied gross sums for "town purposes" without defining the particular purposes for which the taxes were levied. The certificates of levy made by the town clerks of the said towns were offered in evidence and showed the levies to have been made in the manner stated in the objections. We held in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People*, 205 Ill. 582, and *Cincinnati, Indianapolis and Western Railway Co.* v. *People*, 213 id. 197, that levies made in that manner are invalid; that the levy must be made for some town purpose for which the town meeting had authority to levy a tax, and that this must be shown by the certificate of levy. The court, therefore, erred in not sustaining appellant's objections to the town taxes for the towns mentioned.

Objections were also filed to a portion of the road and bridge taxes of the towns of St. Clair, Smithton, Freeburg, New Athens, Lenzburg and Marissa. All these towns were under what is known as the "cash system," and the tax levied was the maximum rate. In each of said towns what is

known as the State Board of Equalization valuation of the taxable property was less than the county board of review valuation. In extending the road and bridge tax in said towns the county clerk used the county board of review valuation instead of the State Board of Equalization valuation. We have held in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People, 223* Ill. 17, *Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 id. 458, and *Wabash Railroad Co.* v. *People,* 214 id. 568, that this is erroneous. In the first mentioned case we held the amount of taxes that can be lawfully extended and collected, where the levy equals the maximum rate allowed by law, is to be ascertained by computing the tax at the rate determined upon, on the basis of the equalized value of the property as fixed by the State Board of Equalization. This will give the total amount of tax that may be lawfully extended. Then for all taxes other than State taxes the rate percentum against each $100 is to be ascertained by dividing the amount of taxes that it has been ascertained can be lawfully extended, by the valuation of property as fixed by the county board of review. This will give the rate percentum against each $100 of the county board of review valuation. Where that valuation is higher than the State Board of Equalization valuation it would necessarily reduce the rate on each $100 of the county board valuation, but would produce the same amount of taxes that would have been produced by extending the tax at the higher rate against the valuation of the State Board of Equalization. The result that necessarily followed the action of the county clerk in extending the tax at the rate determined upon by the commissioners of highways against the county board of review valuation was to produce a greater amount of tax than was authorized by law. Appellant has paid the amount of tax that would have been produced by extending it at the proper rate against the proper valuation and the objections are to the excess. These objections should have been sustained.

Appellant in its brief and argument discusses the validity of a levy of fifteen cents on the $100 in addition to the sixty cents authorized by section 13 to be levied by the commissioners of highways in the town of New Athens. The objection raised and discussed by counsel in appellant's brief does not appear, from its objections as abstracted, to have been raised in the county court. As abstracted the objection relating to the road and bridge tax of the town of New Athens raised only the same questions as were raised with reference to the other towns. The court should have sustained the objection to the excess of tax produced by computing it at the rate of sixty cents on the $100 of the valuation of property made by the county board of review. If, in fact, there was an additional levy of fifteen cents on the $100 in said township, neither its validity nor the ruling of the court thereon, if any ruling was made, is before us.

Objections were also filed to a portion of the county tax. The same questions were raised by the objections to the county tax as were raised by the objections we have before discussed with reference to the road and bridge tax. The same is also true of the objections to the school taxes of school district No. 9, Union, town 2, north, range 9, west, and of the tax levied for school purposes in school district No. 10, Union, town 2, north, range 10, west. All of these taxes equaled the maximum rate allowed by law. For the reasons above stated the objections to the excess of these taxes should have been sustained.

Objections were also filed by appellant to the total taxes levied for building purposes and to the total levy made for the payment of interest and principal of bonds of said school district No. 10, which bonds matured at different times in the future. There was levied in said district for the year 1903, $185,000 for school purposes and $21,750 for building purposes. There was also levied a tax for the payment of the principal and interest on bonds maturing at different dates in the future, which bonds had been issued and dis-

posed of previously and the proceeds used in building school houses. At the time these bonds were issued no provision had been made, in compliance with section 12 of article 9 of the constitution, for the collection of an annual tax sufficient to pay the interest and principal of the bonds as the same become due. The aggregate of the principal of these bonds is $149,000. The indebtedness for which they were issued was incurred at different times, and no question is raised as to the validity of the bonds. Bonds of the face value of $60,000 bear date April 2, 1894, and become due April 2, 1914; bonds of the face value of $24,000 bear date June 1, 1898, and become due June 1, 1908; bonds of the face value of $17,000 bear date June 1, 1893, and become due June 1, 1913; bonds of the face value of $39,000 bear date July 1, 1900, and become due July 1, 1910, and bonds of the face value of $9000 bear date December 20, 1895, and become due December 20, 1915. Making these levies was an attempt by the board of education to comply with the constitutional provision by directing the annual levy of the tax in each year, for a series of years thereafter, which would enable the district to pay the principal and interest of the bonds as they become due. At the time the tax was levied separate provision was made for meeting the principal and interest of each series of bonds. For instance, as to the series aggregating $60,000, it was provided that a levy sufficient to meet the interest thereon should be made each year and a levy of $6000 should be made each year to apply on the principal. It is argued by appellant that the board of education had no authority to levy a tax to pay the principal of the bonds because none of them were due; that the purpose of the board of education is to create a sinking fund with which to pay the bonds when they mature, and thereby require the tax-payers of the district to pay taxes into the treasury from year to year to be held until the bonds become due. This identical question was before this court in *People* v. *Peoria and Eastern Railway Co.* 216 Ill. 221, and the tax so levied

was sustained. This view is also supported by *Chicago and Alton Railroad Co.* v. *People*, 205 Ill. 625. It is true, the certificates of levy of this tax state it was levied to pay principal and interest on bonded indebtedness. While the law is that a board of education can levy taxes for two purposes only, namely, "educational purposes" and "building purposes," by stipulation in the record it was agreed that these levies were made for the purpose of paying principal and interest on school bonds issued by the district, and that these bonds were issued for the purpose of raising money to build school buildings in the school district, and that all the money derived from the sale of these bonds was used for the purpose of erecting school buildings in the district. The only objection to the evidence covered by the stipulation was that it was not material. There was no objection as to its competency. We are of opinion it was material, and that by the stipulation appellant waived the omission of the certificate to state that the money was levied for building purposes. Under this stipulation it must be held that the principal and interest on these bonds, issued for the purpose of erecting buildings, must be paid out of the tax levy for "building purposes." The aggregate of the levy was within the statutory limitation, and the county court properly overruled the appellant's objection to this tax.

As to the $21,750 levied for building purposes in school district No. 10, it was stipulated that $12,500 was for the purchase of a school house site authorized by a vote of the people of the district, and that the remaining $9000 was to be used for the erection of portable school buildings in the district. It does not appear that the building of these school houses had been authorized by a vote, and the county court sustained appellant's objection to the $9000, and reduced the amount of tax extended against appellant by reason of that levy correspondingly. The court thereupon rendered judgment against appellant for its supposed proportion of the $12,750 which it correctly held to be a valid tax. Ap-

pellant argues that in computing this tax the State Board of Equalization valuation should have been used instead of the county board of review valuation, but that the court adopted the latter, and thereby rendered judgment for $7.30 more than the total amount of this tax appellant was liable for. The rate here being below the maximum rate allowed by law, the method of computing the tax and extending the same is entirely different from the method to be used where the maximum rate is levied. In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People*, 223 Ill. 17, we said (p. 20) : "It is to be noted that while the statute requires that the assessment as fixed by the State Board of Equalization shall be taken as the basis of calculation in determining the maximum amount of tax that may be levied under a maximum rate, the statute expressly provides that all the taxes except the State taxes shall be extended upon the valuation as fixed by the county board of review and the corporate property assessed by the State Board of Equalization. Section 1 of the Juhl law would have no application in ordinary cases where the tax levied was not up to the maximum amount allowed by law, as that section seems to be solely for the purpose of limiting the amount of maximum tax in any given case; and if the taxes to be levied were to be less than the maximum amount allowed by law, it would be computed and extended upon the valuation as fixed by the county board of review of the general property and the corporate property as assessed by the State Board of Equalization." The court's ruling upon this objection was proper and its judgment correct.

The judgment of the county court will be reversed and the cause remanded, with directions to that court to render judgment upon all of appellant's objections in accordance with the views herein expressed.

*Reversed in part and remanded.*