THE PEOPLE ex rel. Joseph Brockamp, County Collector,
      Appellee, vs. G. W. LEMMON, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*when the county clerk is authorized to extend the
school tax.* The legislature has power to determine the agencies
which shall be employed to levy school taxes, and if the certificate
of levy by a board of education is in the form prescribed by sec-
tion 190 of the School law, and is signed by the parties designated
by the statute, it furnishes authority to the county clerk to extend
school taxes for the high school district covered by the certificate.

2. SCHOOLS—*the posting of notices of election to build school
house need not be established by the record of the board of edu-
cation.* Where the record of the board of education shows that
an election to build a school house was properly called and the
clerk directed to give the statutory notice it is not essential that
such record shall preserve evidence of posting the notices, and
it may be shown by parol testimony that the notices were posted
as required by law, and that the notice and certificate of posting
had been filed in the clerk's office but had been removed from his
office for use in other litigation and had not been returned.

APPEAL from the County Court of Christian county;
the Hon. C. A. PRATER, Judge, presiding.

HOGAN & WALLACE, (C. F. MORTIMER, and WILSON,
WARREN & CHILD, of counsel,) for appellant.

ARTHUR YOCKEY, State's Attorney, (A. D. STEVENS,
E. S. SMITH, and W. B. McBRIDE, of counsel,) for ap-
pellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application by the county collector of Chris-
tian county, in the county court of that county, for judg-
ment and order of sale for school taxes levied by the board
of education of the township high school of township 13,
north, range 4, west, situated in the counties of Christian
and Sangamon. The appellant appeared and filed objec-

tions to judgment and order of sale, which were overruled and judgment was rendered against his property, and he has prosecuted an appeal to this court and has urged in this court two grounds for reversal of the judgment of the county court.

*First*—The first objection is presented under two heads, which will be considered together: (1) That the certificate of the tax levy was void because it was not signed by a majority of the board of education but was signed by the president and secretary of the board only; and (2) that the record of the board of education did not show that the president and secretary of the board were authorized to sign said tax levy.

The record of the board of education shows that the tax levy was properly made by the board of education, and the certificate was in the following form:

"Certificate of levy for a board of education, township 13, range 4, W., counties of Sangamon and Christian, Illinois.

"We hereby certify that we require the sum of seven thousand ($7000) dollars to be levied as a special tax for educational purposes, and the sum of sixteen thousand ($16,000) dollars to be levied as a special tax for building purposes, on the equalized assessed value of the taxable property of our district for the year 1911.

"Signed this 8th day of June, 1911.

J. R. HARRIS, *President,*
GEO. W. MILLER, *Secretary,*
Twp. No. 13 Sangamon and Christian Counties, Ill."

On the lower left-hand corner of the certificate appears the seal of the board of education, marked "Township High School Board of Education, Township 13, Sangamon and Christian Counties, Ill.," and on its back appear the words "Pawnee High School," also, "Filed June 13, 1911.—H. J. Burke, Co. Clk."

Section 190 of chapter 122 of Hurd's Statutes of 1911, entitled "Schools," reads as follows:

"Sec. 190. The board of directors or board of education of each district shall ascertain as near as practicable,

annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year. Such amounts shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually. The certificate shall be signed by the president and clerk, or secretary, as the case may require, and may be in the following form, to-wit:

" 'Certificate of Tax Levy.

" 'We hereby certify that we require the sum of......dollars, to be levied as a special tax for educational purposes, and the sum of......dollars to be levied as a special tax for building purposes, on the equalized assessed value of the taxable property of our district, for the year 1...

" 'Signed this....day of......, 1...

A........B............, President.
C........D............, Clerk.
District No..., ............County.'

"The township treasurer shall return the certificate to the county clerk, on or before the second Monday of August. A failure by the school board to file the certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment."

The tax levy certificate appears to comply in every particular with this section of the School law, and we think it too clear for argument that the county court did not err in overruling the objection that the tax levy certificate was not sufficient to authorize the extension of said high school tax against the property of appellant. The tax levy was made by the board of education and was properly certified under the statute by the president and secretary of the board of education. There is no constitutional limitation upon the power of the legislature to determine the agencies which shall be employed by which school taxes shall be levied, (*Fuller* v. *Heath*, 89 Ill. 296; *Merritt* v. *Farriss*, 22 id. 303; *People* v. *Read*, 233 id. 351; *Speight* v. *People*, 87 id. 595;) and the certificate of levy being in the form prescribed by the statute and being signed by the parties designated by the statute, it furnished ample authority to the county clerk to

extend the school tax for the said high school district covered by the certificate. *Lawrence* v. *Traner,* 136 Ill. 474; *St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 177 id. 78; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240.

*Second*—The second objection urged against the tax is that it does not appear from the record that the high school district had legally decided to build a school house in the district, and it is said for that reason the tax for building purposes was illegal. The specific objection made is, that the record of the board of education does not show that the notices of the election at which the district voted to build a school house in the district were properly posted. It was shown by the record that the election was properly called and the clerk of the board was directed to give the statutory notice of the election. It also was shown by the record that the election was held and carried by a vote of 230 for and 5 against the erection of a high school building in the district. A copy of the notices of the election, which were posted in six of the most public places in the district, was introduced in evidence, and it was clearly established by parol that the notice introduced in evidence was a true copy of the notices that were posted in six public places in the township, and that a copy of such notices, duly certified by the clerk of the board to have been posted, was at one time on file in the clerk's office, but that it had been removed to be used in evidence in some of the cases which had been tried relative to the establishment of the school district and which finally reached this court, and had not been returned to the files in the clerk's office but had been lost. The evidence, we think, was therefore ample to establish the fact, if parol evidence can be introduced for that purpose, that due notice, by posting, was given of the election at which the district voted to build a school house.

It is said, however, that the fact that the notices of the election were duly posted can only be established by the rec-

ord of the board. This we do not think is the law. (*Chicago and Northwestern Railway Co.* v. *People,* 193 Ill. 539.) There is no express statutory provision requiring the board of education to preserve record evidence of the posting of the notices of the election, (*Southworth* v. *Board of Education,* 238 Ill. 190,) and the fact that the notice and the certificate that it had been posted were on file in the clerk's office but had been removed from his office might be shown by parol. *St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 225 Ill. 418; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 212 id. 551; *Forsyth* v. *Vehmeyer,* 176 id. 359; *King* v. *Lamon,* 193 id. 537; *Felix* v. *Caldwell,* 235 id. 159.

Finding no reversible error in this record the judgment of the county court will be affirmed.    *Judgment affirmed.*