O'Brien v. O'Brien.

Reversed and remanded.

---

## Edward F. O'Brien v. Peter R. O'Brien.

1. PLEADING—*When Plea of Set-off is Unnecessary.*—A plea of set-off need not be interposed when a defendant seeks nothing more than a defense to the claim of the plaintiff, and does not seek an affirmative recovery.

2. SAME—*Defenses Admissible Under Plea of Non-Assumpsit.*—Under a plea of non-assumpsit a defendant is entitled to prove payment, and, generally, anything which shows that *ex aequo et bono*, the plaintiff ought not to recover.

3. SAME—*Proof of Failure to Account for Goods, Admissible Under General Issue, in Suit for Wages.*—One sued for wages for selling articles of merchandise may show in defense under a plea of the general issue that the articles were delivered to the plaintiff and that he refused to account for them or their proceeds.

4. EVIDENCE—*Statements as to What is Proposed to be Proved as Affecting Admissibility of.*—Neither an action nor a defense can ordinarily be sustained by a single question and answer; and where an attorney explicitly states what the defense is, and how it is proposed to be shown, questions forming part of what may constitute a full defense should not be ruled out, although improper when standing alone.

**Assumpsit,** for wages. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Reversed and remanded. Opinion filed April 8, 1898.

SCANLAN & MASTERS and LUDMIL KANLIK, attorneys for appellant.

MORSE, IVES & TONE, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was assumpsit brought by the appellee against the appellant to recover for services rendered as manager of a saloon for a period of about eight and one-half months, and for some contributions to the stock of the business.

The defense was that he had been fully paid by money and goods received by him.

The appellee, as manager of the business, bought the stock from time to time, incurred and paid bills, hired and paid the help, and made payments on account of indebtedness that existed against the business, and was assumed to be paid when the former owner was bought out.

The appellant, by way of defense, sought to show that appellee had paid to himself all that his claim amounted to, by appropriating to himself a large quantity of goods, or the proceeds thereof, that went into the business under his management, and remained unaccounted for by him.

And for that purpose appellant sought to prove the amount of goods purchased for and delivered into the saloon, the amount of goods remaining on hand when appellant put out the appellee, and the amounts paid by the appellee on account of the business and to the appellant.

O'Brien v. O'Brien.

To that end, specific questions to a witness were propounded, and under objection were ruled out.

This was clear error. According to the record, the trial judge gave as his reasons for excluding the offered evidence, " You can not have an accounting in this case; there being no claim of off-set, you can not charge him (appellee) for any of those matters; the only pertinency it would have is as to what his services were worth, if anything."

A plea of set-off need not be interposed where a defendant seeks nothing more than a defense to the claim of the plaintiff. No claim was made by the defendant for an affirmative recovery against the plaintiff, but only to be permitted to prove such matters as would constitute a defense to plaintiff's action.

Counsel for appellee admit, in their brief, that the reasons given by the trial judge " did not enunciate a correct proposition of law," but seek to justify the ruling, because the evidence offered " did not tend to show that appellee had disposed of any beer and failed to account for the money." Neither an action, nor the defense to one, can ordinarily be sustained by a single question and answer.

There was considerable discussion between appellant's counsel and the court as to the admissibility and relevancy of the offered testimony, in which the counsel stated explicitly what the defense was, and how it was proposed to be shown, and the court being against him, he put the specific questions upon which the ruling was made. With those questions answered, a beginning would have been made to what might have constituted proof of a full defense. It can not be said that one sued for wages claimed for selling a keg of beer, might not show in defense, under a plea of the general issue, that the keg full of beer was delivered to the plaintiff for sale, and that he returned it empty and refused to account for the proceeds; and we apprehend the illustration is as applicable to the case of five hundred kegs as to one.

The plea in this case was non-assumpsit, and under such plea the defendant was entitled to prove payment (Crews

v. Bleakley, 16 Ill. 21; Kassing v. International Bank, 74 Ill. 16), and, generally, anything which shows that *ex aequo et bono*, the plaintiff ought not to recover. 2 Encyclopedia of Pl. & Pr. 1027-8.

The judgment of the Superior Court is reversed and the cause remanded.