(No. 14239.—Reversed in part and remanded.)

The People *ex rel.* Abram Peer, County Collector, Appellee, *vs.* The Louisville and Nashville Railroad Company *et al.* Appellants.

*Opinion filed December 22, 1921.*

1. Taxes—*when amount of county tax for miscellaneous purposes is too large for levy in one item.* As it is not possible to foresee all the contingencies or possibilities that may arise in the business year of a county, a certain amount of taxes for general, incidental, miscellaneous or similar purposes may be levied in one item; but this amount must be small in comparison with the total levy, and an item for such purposes amounting to more than one-fourth of the total levy is entirely too large.

2. Same—*when tax to pay bonds voted by school district should be included in levy for building purposes.* As school boards have power to levy taxes only for educational and building purposes a tax to pay bonds voted by a school district for building purposes must be included in the levy for building purposes, and any indebtedness incurred for educational purposes must be paid out of the tax levied for educational purposes.

3. Same—*vote to issue bonds for school building purposes does not authorize increase of tax rate.* A vote taken in a school district to issue bonds for building purposes is not the equivalent of a vote to increase the tax rate, and where taxes have been levied for educational and building purposes up to the statutory rate of two per cent, in the absence of a vote the board is not authorized to increase such rate by levying an additional amount to pay maturing bonds and coupons voted by the district.

4. Same—*school district must levy tax sufficient to pay bonded indebtedness.* Under section 9 of article 9 of the constitution a school district must levy a sufficient amount of taxes to pay the principal and interest on a bonded indebtedness for building purposes which has been authorized by vote, but any levy for building purposes (other than for bonded indebtedness) when added to the levy for bonded indebtedness for building purposes must not exceed the rate allowed by the statute unless authorized by vote.

5. Same—*record of levy of road district taxes may be amended by parol testimony.* The provisions of section 191 of the Revenue act for the correction of irregularities in the assessment and levying of taxes authorize the introduction of parol testimony, in a proceeding by the county collector for judgment for delinquent

taxes, to amend the record of the levy of taxes in a road district so as to show the action of the commissioners in agreeing upon damages for altering, widening, vacating or ditching to drain roads under section 58 of the Road and Bridge act, for which a levy of thirteen and one-third cents in excess of sixty-six cents on the $100 is authorized.

APPEAL from the County Court of Hamilton county; the Hon. JAMES M. LEE, Judge, presiding.

CHARLES P. HAMILL, (JOHN M. ECKLEY, of counsel,) for appellants.

W. W. DAILY, State's Attorney, (H. ANDERSON, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal by the Louisville and Nashville Railroad Company and the Southeast and St. Louis Railway Company from a judgment of the county court of Hamilton county overruling the objections of appellants to the delinquent county taxes, the taxes of school district No. 39 and the road and bridge taxes of Twigg and Mayberry townships and ordering sale of their property.

As to the county tax, it was stipulated that the county board levied a total of $32,600 for county purposes, including the item, "miscellaneous, $9000;" that this item was 27.6 per cent of the entire levy for county purposes; that a total tax of $3340.51 was assessed against the property of the objectors, and that $921.98 of this amount was levied for miscellaneous purposes; that the total county tax spread by the county clerk was $35,033.47, and that the $9000 "miscellaneous" item was 25.69 per cent of the county tax spread by the clerk.

It is settled by the decisions of this court that a county may levy a certain amount for general, incidental, miscellaneous or similar purposes, but that this amount must be small in comparison with the total levy and must be, in fact,

inconsiderable. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 253 Ill. 100; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* 256 id. 501; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 256 id. 476; *People* v. *Bowman,* 253 id. 234.) In the first case cited it was held that the levy of $2000 out of a total county tax of $18,000 for "contingent and general purposes," or one-ninth of the entire tax for such contingent and general purposes, was an excessive amount levied under so general a specification and could not be sustained over an objection on that ground. The same holding was made in the second case above cited, where the contingent tax levied was $260 out of a total levy of $1600, amounting to about one-sixth of the entire town tax. And in the third case above cited a levy of $2071.22 out of a total county levy of $64,000, or about one twenty-eighth of the entire tax, was held invalid on the same ground. In the last case above cited, where the total county taxes amounted to about $130,000, it was held that an assessment of $1000 "for sundry and general expenses, the exact nature of which cannot be ascertained in advance," was not excessive. The above cases recognize the necessity for a county to assess a small and inconsiderable amount for contingent or miscellaneous expenses, as it is not possible to foresee all the contingencies or possibilities that may arise in the business year of a county that may call for outlay or expenditures, but we must adhere to the rule that such a levy must be for an inconsiderable amount and a very small portion of the entire county tax. In view of section 121 of the Revenue act, which provides that the amount for each purpose for which county taxes are levied shall be stated separately, the tax in question, amounting to more than one-fourth of the entire taxes, and being itself a very considerable sum, is entirely too large to be held valid, and particularly as the entire county taxes do not exceed $100,000. The objection to this item should have been sustained on the ground that

it was excessive as a miscellaneous item and should have been itemized.

The certificate of levy in school district No. 39 stated that the board of education required the sum of $12,000 to be levied as a special tax for educational purposes, the sum of $6000 to be levied as a special tax for building purposes, and the sum of $3350 to pay maturing bonds and coupons voted by the district. The county clerk extended the school taxes under those three headings. It is stipulated in the record that the foregoing are the facts and that a total rate of $2.43 upon the $100 valuation was extended by the county clerk; that a tax of $1665.66 was assessed against the property of the objectors in the district; and that the rate for educational and building purposes in the district was two per cent, and that the excess above that was for the payment of maturing bonds and coupons.

School boards have power to levy taxes for two purposes only,—educational and building. (Hurd's Stat. 1919, chap. 122, sec. 189; *Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625; *People* v. *Peoria and Eastern Railway Co.* 216 id. 221; *St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 id. 155; *People* v. *Illinois Central Railroad Co.* 266 id. 240.) The bonds were voted by the school district for building purposes, and the taxes to pay the bonds should have been levied and extended for building purposes. We would not be inclined to regard the levying and extending of these taxes under the heading of "bond tax" as fatal to any part of the tax if the entire levy for school purposes did not exceed the rate of taxation provided by law, in the absence of a vote to increase the rate of taxation. Voting to issue bonds is not the equivalent of a vote to increase the rate, and a statutory rate cannot be exceeded in the absence of a vote to increase such rate. The bonded indebtedness incurred for building purposes must be paid out of the tax levied for building purposes, and the indebtedness incurred for educational purposes must be paid

out of the tax levied for educational purposes. (*Chicago and Alton Railroad Co.* v. *People, supra; People* v. *Chicago and Eastern Illinois Railroad Co. ante,* p. 258.) Under section 9 of article 9 of the constitution the school district in this case was required to levy a sufficient amount of taxes to pay the principal and interest on the bonded indebtedness for building purposes. We have held that this provision of the constitution is self-executing and that its directions are mandatory, and the entire amount levied each year must be sufficient to pay such bonded indebtedness as is due, even if the statutory rate of taxation be exceeded. In the absence of a vote the school district could not levy any further taxes for building purposes except for bonded indebtedness for building purposes, if the bonded indebtedness equaled or exceeded the statutory rate for building purposes. Any levy for building purposes other than for bonded indebtedness, only, when added to bonded indebtedness for building purposes, must not exceed the rate allowed by the statute unless authorized by vote.

Under section 189 of the Revenue act, as amended in 1919, the total rate for both building and educational purposes cannot exceed two per cent, but under this same section the school board may, if it desires, levy a tax in excess of one per cent, but not more than one and one-third per cent, for educational purposes, and for building purposes such a per cent that the aggregate levy shall not exceed two per cent, and without any vote of the district. From the record it would appear that the school board in this case intended to levy one and one-third per cent for educational purposes, two-thirds of one per cent (or $6000) for building purposes, and $3350 for bonds. If, as the stipulation appears to state, the total amount levied for educational purposes and building purposes makes only two per cent, we are unable to understand how the $3350 for bonds can amount to .43 per cent. We do not feel that we understand the meaning of the stipulation in this record in

view of the foregoing. If it is true that there is just one and one-third per cent levied for school purposes and two-thirds of one per cent for building purposes, then in such case the total amount levied for bonds should be declared illegal because excessive and the entire levy reduced by that sum, but under this statement it is to be understood that the amount levied for bonds is included in the amount levied for building purposes. If the facts should be that the amounts levied for educational purposes and building purposes, when added together, exceed two per cent, as permitted by the statute, then these two amounts, on remandment of this cause, should be cut down by the court to the proper amount and the excess considered as illegal, as well as the amount levied for bonds.

The specific objections to the road and bridge taxes of Mayberry and Twigg townships are to that part of the rate in excess of sixty-six cents per $100, because no amount in excess of sixty-six cents can be levied except for damages agreed upon, allowed or awarded during the fiscal year beginning the first Tuesday in September, 1919, and ending the first Tuesday in September, 1920, by the commissioners for laying out, widening, altering, vacating or ditching to drain roads, and that no such agreement, allowance or award was made by the commissioners of said townships within the time required.

On the hearing it appeared that the record of neither of said road districts showed the agreements made by the respective township commissioners for laying out, widening, altering, vacating or ditching to drain roads, and the attorneys for appellee asked permission of the court that the commissioners of each road district be allowed to make proof that such agreements were made by the commissioners before their certificates of levy were made, and that their records be amended by them so as to show that such agreements were made. The court granted such permission over the objection of appellants. The proof was positively

made on behalf of the commissioners of Twigg township that at the time of the levy dated September 1, 1920, $100 was agreed upon and allowed to J. C. and Ted Mezo for widening a certain road which was described, and that various amounts were awarded and allowed to various individuals named for ditching to drain roads, amounting to a total of $1008.40. The certificate of levy made by this district specified $100 as damages for widening roads and $1500 for ditching to drain roads. A record was made up and signed by the highway commissioners in conformity with the testimony aforesaid and was introduced in evidence. It further appears that the amount of this levy was cut down by the county board so that the amount extended as taxes was not sufficient to pay the amounts so agreed on and allowed by the commissioners. This record does not show how much the county board cut down the levy or how much tax for those purposes was extended by the clerk, but the evidence does show that the taxes extended and to be collected were not sufficient to pay the obligations of the road district, and it does not show that a higher rate was collected than thirteen and one-third cents allowed by section 58 of the Road and Bridge act over and above the sixty-six cents allowed for road and bridge purposes under section 56 of the act as amended in 1919.

The proof on behalf of the commissioners of Mayberry township showed that the sum of $1400 was allowed and awarded to North Fork Drainage District for ditching to drain roads and that $200 was awarded to condemn land for the purpose of widening a certain road which was described, and that these allowances were made before the certificate of levy was made for the road district which is now in question. The certificate of levy for this district showed that $200 was agreed upon, allowed or awarded as damages and $1400 for ditching to drain roads. The record of this district was amended or supplied so as to make the showing in accordance with the proof aforesaid and

was offered in evidence. There is no showing in the record that there was any excessive rate levied or extended by the clerk for the taxes of the road district above the requirements of sections 56 and 58 of the Road and Bridge law as amended in 1919, and it is not claimed, as we understand, that the amount levied or to be collected exceeds the rate of thirteen and one-third cents over the regular rate of sixty-six cents allowed by section 56.

The claim of appellants is that all taxes of these two road districts are illegal and void in excess of the sixty-six cents allowed by section 56, because the records of the two road districts did not show, at the time their respective certificates of levy were made, the amounts agreed upon and allowed as damages for widening roads, ditching to drain roads, etc., and that there is no authority of law for the court to allow the road districts to make the proof aforesaid and to amend their records to be used in evidence. Section 191 of the Revenue act makes liberal provisions for the correction of irregularities and omissions in proceedings of officers connected with the assessment and levying of taxes which do not affect the substantial justice of the tax itself, and those provisions are broad enough to justify the admission of the parol testimony offered in this case for the purpose of amending the record, under the decisions of this court. (*People* v. *Payne,* 296 Ill. 236; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 id. 565.) In the former case just cited it was held that commissioners of highways must determine the rate for the road and bridge tax of their townships as well as the amount of the tax, as both determinations are mandatory under sections 50 and 56 of the Road and Bridge act. It was also decided in that case that on application for judgment for taxes the court may authorize the amendment of the record to show that the commissioners of highways determined the rate for the road and bridge tax where the record of the commissioners did not so show at the time of the application

for judgment, if it is also clearly shown that the proposed amendment will cause the record to speak the truth, only. The court properly overruled the objections to the road and bridge taxes for said road districts.

The judgment of the county court is reversed as to the $9000 item for county tax and is affirmed as to the road and bridge taxes. The judgment is also reversed as to the school taxes aforesaid and the cause is remanded, with directions to enter a judgment as to said taxes in conformity with the views herein expressed, which judgment shall be for such amount of taxes for educational purposes as shall not exceed a rate of one and one-third per cent and for building purposes a sum which shall not allow a rate of taxation for such purposes exceeding two per cent, when added to the rate allowed for educational purposes.

*Reversed in part and remanded, with directions.*