(No.15489.—Judgment affirmed.)

THE PEOPLE *ex rel.* J. A. Reeves, County Collector, Appellant, *vs.* J. H. BELL *et al.* Appellees.

*Opinion filed October 20, 1923.*

1. TAXES—*no election is necessary to authorize levy of tax for building purposes.* No election is required to be held to authorize the levy of a tax for building purposes, to be expended for the repair, improvement and benefit of the school buildings and property.

2. SAME—*tax for building purposes cannot be levied to raise a fund for possible future use.* A board of education is without authority to levy a tax for building purposes no part of which is needed for the ensuing year but which is levied to raise a fund for possible future use if the voters of the district shall vote to purchase a site and erect a building.

3. SAME—*unauthorized tax cannot be validated by statute.* A tax levied in conformity with the law authorizing the organization of high school districts may be made valid by a curative act validating the district; but that rule applies only where the tax is one which the board of education of a *de jure* district has authority to levy, as an unauthorized tax is illegal and cannot be made valid by a curative act.

APPEAL from the County Court of Champaign county; the Hon. ROY C. FREEMAN, Judge, presiding.

ROY R. CLINE, State's Attorney, WILLIAMSON & WINKLEMANN, JONES & LEVIN, and HALL & HOLADAY, (F. E. WILLIAMSON, O. M. JONES, and A. R. HALL, of counsel,) for appellant.

GREEN & PALMER, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The board of education of St. Joseph Community High School District No. 305 in Champaign county levied for the year 1920 a tax of $12,000 for educational purposes

and $15,000 for building purposes. A number of property owners filed objections to the legality of the tax for both purposes when application was made for judgment. The legal organization and existence of the district were being litigated and the objections were not disposed of until that litigation was concluded. Two of the objections to the tax were, that the district was not legally organized and that no such district had a legal existence. The third and only other objection was to the tax levied for building purposes. The objection to that tax was that no election had ever been held at which the board of education was authorized to locate and purchase a school house site and the board had no authority to levy a tax for building purposes. Since the objections were filed, and before judgment in the county court, it was decided by this court that the district was validated by the curative act of May 10, 1921. (*People v. Walker,* 305 Ill. 477.) The county court overruled the objections to the tax for educational purposes and sustained the objection to the tax for building purposes, and this appeal is prosecuted from that judgment.

The school district did not own any land or building. The school was conducted in a building rented for the purpose, for $2800 per year. Two elections were held for the purpose of authorizing the board to locate and purchase a site, but the majority voted against both propositions. No election is required to be held to authorize the levy of a tax for building purposes, to be expended for the repair, improvement and benefit of school buildings and property. *People v. Hassler,* 262 Ill. 133; *People v. Chicago and Alton Railroad Co.* 257 id. 208.

Appellant contends the objection to the tax for building purposes was based on the sole ground that the levy had not been authorized by a vote, and that not now being a requirement for a legal levy, the objection was improperly sustained. The objection states that no election had been held which authorized the tax and that the board had no

authority to levy it. We are of opinion the objection is broad enough to be considered as an objection to the validity of the levy for want of authority in the board to make it. We do not find in the record any evidence that any improvement or repair of the rented property was contemplated by the board or that any fund for that purpose was needed. It has been decided that a board of education can not levy a tax for building purposes with a view to accumulating a fund to be used for that purpose at some future time but which had not been decided upon when the levy was made. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 208 Ill. 9.) The authority to levy a tax for building purposes is intended to provide for the needs of the district for building, repairing and improving the school house and property for the ensuing year and not to provide a fund for possible future needs. The expenses of the district for educational purposes cannot be paid out of a tax levied for building purposes but the tax levied for building purposes must be expended for that purpose, only. (*People* v. *Louisville and Nashville Railroad Co.* 300 Ill. 312.) A building tax cannot be lawfully levied when no part of it is needed for the ensuing year and where the levy is made for the purpose of raising a fund for possible future uses. As we understand this record, no part of the building tax was needed for the ensuing year nor was the expenditure of any of it for that purpose contemplated, except for possible future needs.

Appellant insists the levy of the tax for building purposes was validated by sections 3 and 4 of the act of May 10, 1921. This is a misapprehension. We have held that a tax levied in conformity with the law authorizing the organization of high school districts may be made valid by a curative act validating the district, but that can only apply when the tax levied was one which the board of education of a *de jure* district might have lawfully levied. It can not apply to a tax which a board had no authority to levy.

A tax levied which is not authorized by law is illegal, and the legislature cannot validate it by a curative act. *Roberts* v. *Eyman,* 304 Ill. 413; *People* v. *Illinois Central Railroad Co.* 301 id. 288.

We are of opinion the county court did not err in sustaining the objection to the building tax, and the judgment is affirmed.                            *Judgment affirmed.*