(No. 15490.—Judgment affirmed.)

THE PEOPLE *ex rel.* J. A. Reeves, County Collector, Appellant, *vs.* WILLIAM MEYER, Appellee.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*high school district validated by act of 1921 may levy taxes in said year.* A community high school district validated by the act of May 10, 1921, has the right and power to levy taxes in 1921 for necessary school purposes.

2. SAME—*a high school district cannot levy taxes for future building purposes—validating act.* A community high school district cannot levy taxes for the purpose of creating or accumulating a fund for building purposes to be used in a future year, and the act of May 10, 1921, cannot have the effect of validating such unauthorized levy.

3. TAXES—*burden is on objector to prove tax is unnecessarily large for educational purposes.* The burden is on the objector to prove his objection to a school tax item for educational purposes that it is for an amount more than will be needed by the district and that a part of it is to be used or accumulated for building purposes.

APPEAL from the County Court of Champaign county; the Hon. ROY C. FREEMAN, Judge, presiding.

ROY R. CLINE, State's Attorney, F. E. WILLIAMSON, O. M. JONES, and A. R. HALL, (WILLIAMSON & WINKELMAN, JONES & LEVIN, and HALL & HOLADAY, of counsel,) for appellant.

GREEN & PALMER, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The board of education of St. Joseph Community High School District No. 305, in Champaign county, levied for the year 1921 a tax of $12,000 for educational purposes and $3000 for building purposes. William Meyer and a number of other property owners filed objections to the

legality of the tax for both purposes on the application of
the county collector for judgment. The first two objections
were that the district had no legal existence and therefore
no power to levy the tax. The third objection to the tax
levy for building purposes was that it is illegal and void
because the board of education had never been authorized
by a vote of the people to select, locate or purchase a school
house site and had never been authorized to purchase or
build a school house or to expend funds for building pur-
poses; that the board of education had adopted the prac-
tice of levying a tax for building purposes with a view to
accumulate a building fund to be used some time in the
future and which has never been authorized by a vote; that
large sums of money had been levied as a tax for educa-
tional purposes with the view of accumulating and adding
to the building fund; that the $12,000 levied in 1921 for
educational purposes was, in fact, levied for building and
educational purposes; that the sum of $12,000 is unusually
large and excessive in amount for educational purposes for
that year, and it is impossible to determine what part of
the $12,000 is intended to be used for educational purposes
and what part thereof is attempted to be levied for future
building purposes, and that the whole of said tax of $15,000
is illegal and void. The county court overruled the objec-
tions to the tax for educational purposes and sustained the
objection to the tax for building purposes. The county col-
lector has appealed from the judgment of the court deny-
ing judgment for the tax for building purposes. William
Meyer has prosecuted a writ of error to review the judg-
ment sustaining the tax for educational purposes.

There is a stipulation in the record to the effect that all
the other tax-payers who filed objections made the same
objections that were made to the taxes in this case by Meyer,
plaintiff in error; that but one record shall be prepared for
the cases, which will cover all objections of all the tax-
payers; that the writ of error prosecuted by Meyer is to

be consolidated with the appeal prosecuted by the collector; that both Meyer and the collector shall appear in the consolidated cases and each assign error on the record; and that the decision of this court in the consolidated cases shall be binding on the school district and on each and every one of said tax objectors in all the other cases involving the validity of said taxes, including plaintiff in error. Both the appellant and the plaintiff in error have assigned errors on the record.

This school district was validated by the validating act of May 10, 1921, and from that date has been a legally organized community high school district. (*People* v. *Walker,* 305 Ill. 477.) The district therefore had the right and power to levy taxes in August, 1921, for purposes needed by it,—the taxes now in question.

The proof in this record establishes clearly that the school district has owned no real property since its existence. It was paying a rental of $2800 per year for a building used for high school purposes. There is some evidence in the record to the effect that a furnace was purchased for this building. The evidence does not show the amount or when the same was paid out for that purpose. It does not appear that the furnace was to be a permanent fixture for the building, if such was furnished, and if it was a permanent fixture it could not be treated as an expenditure for repairs for the district as the district did not own it. In such case the expenditure amounted to no more than a rental charged for the use of the building. The court properly sustained the objections to the taxes for building purposes. The validating act had no effect to validate these taxes, as the district had no authority to levy such taxes. *People* v. *Bell,* 309 Ill. 387.

The proof in the record does not sustain the objections of plaintiff in error to the taxes for educational purposes. It does not show how much was required by the district for educational purposes or that any part of it was to be

used or accumulated for building purposes. The burden of proof is on the plaintiff in error, which he has failed to sustain.

The judgment of the county court is affirmed.

*Judgment affirmed.*