**Town of Ganeer, Appellee, v. Edward P. Cleary and Hartford Accident and Indemnity Company, Appellant.**

**Gen. No. 8,903.**

February term, 1935.                    Heard in this court at the
                                        Opinion filed
April 22, 1935.

Gower, Gray & Gower, of Kankakee, for appellant.

Varnum A. Parish, for appellee; Claude M. Granger, of Kankakee, of counsel.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Kankakee county, in a suit commenced by the Town of Ganeer, county of Kankakee, Illinois, plaintiff, against Edward P. Cleary and the Hartford Accident and Indemnity Company, a corporation, defendants, upon a surety bond in the sum of $40,000 signed by Cleary as principal and the Hartford Accident and Indemnity Company as surety. The bond was given as security for the faithful performance of Cleary's duties as treasurer of the road and bridge fund of said Town of Ganeer. Service was not obtained upon Cleary. The insurance company entered its appearance and defended the suit.

Suit was started prior to January 1, 1934, and a declaration filed. The declaration was later withdrawn and by stipulation of the parties all pleadings were in accordance with the Civil Practice Act, Cahill's St. ch. 110, ¶ 129 et seq. The plaintiff filed an amended complaint, which sets forth the bond sued upon and seeks to recover for the shortage of Cleary in the road and bridge fund for the sum of $416.54, and for a shortage of $5,940.94 in the permanent road fund. The bond, a copy of which was attached to the amended complaint, was conditioned upon the faithful discharge by Cleary of "All the duties and trusts imposed upon him by reason of his election or

appointment as said treasurer of the Road and Bridge Fund except as hereinafter limited."

The Hartford Accident and Indemnity Company (hereinafter called the defendant) filed a motion to dismiss the suit on the ground "that the suit was improperly brought in the name of the Town of Ganeer, but should have been brought in the name of the Highway Commissioner of the Town of Ganeer in compliance with the statute, or, if the suit was properly brought in the name of the Town of Ganeer, the declaration was insufficient because it failed to disclose any action by the electors of the Town of Ganeer authorizing said suit." The motion was overruled. The defendant then filed a motion to strike certain paragraphs of the amended complaint, on the ground that by these paragraphs plaintiff sought to recover money alleged to be due from Cleary as part of a special tax levied for hard road purposes, known as the permanent road fund, but that the bond was conditioned only upon his performance of the duties of treasurer of the road and bridge fund and did not cover his duties as to the permanent road fund. This motion was also overruled.

The defendant then filed an answer admitting the execution of the bond, but denied that Cleary did not faithfully discharge the duties imposed upon him as such treasurer. It alleged that he accounted for $5,019.19, and that he was entitled to retain $76.11 as commissions and $100 for the bond premium. It denied the fulfillment of all the conditions precedent to the right of recovery, and that the plaintiff was entitled to damages claimed. The answer alleged the tender of $416.54 by the defendant to the plaintiff as the admitted shortage of Cleary in the road and bridge fund handled by him and alleged that this sum was the limit of defendant's liability under the bond and averred that the bond was not conditioned upon

Cleary's accounting for the moneys received by him as treasurer of the permanent road account, but that a separate bond, as required by statute, should have been given for that purpose.

The case was tried on a stipulation of facts as follows:

''That on February 27, 1932, Edward P. Cleary was appointed Supervisor of the Town of Ganeer, County of Kankakee, Illinois, and as such Supervisor was ex-officio Treasurer of the Road and Bridge Fund in and for said Town of Ganeer up until the 13th day of May, A. D. 1933, at which time he resigned.

''That Edward P. Cleary and the Hartford Accident and Indemnity Company, a Corporation, the defendants herein, executed a bond, a true copy of which is attached to the declaration herein, and that said bond thereafter was duly approved by Cecil Duguay, as Highway Commissioner of said Town of Ganeer, and filed in the office of the County Clerk of the County of Kankakee, Illinois, as required by law.

''That thereupon said Edward P. Cleary took upon himself the performance of the duties of the office of Treasurer of the Road and Bridge Fund of the said Town of Ganeer.

''That between the 27th day of February, 1932, and the 13th day of May, 1933, there came in the hands of the said Edward P. Cleary, as Treasurer of said Road and Bridge Fund the sum of five thousand six hundred eleven dollars and eighty-four cents ($5611.84) from the County Collector of the County of Kankakee, Illinois, being general taxes for road and bridge purposes for said Town of Ganeer.

''That the said Edward P. Cleary, as Treasurer of said Road and Bridge Fund, has accounted for five thousand nineteen dollars and nineteen cents ($5019.19); but that the balance of said Road and Bridge Fund received by him as aforesaid has not

been accounted for or paid over to his successor; that he was entitled to retain $76.11 commission on said Road and Bridge Fund, and the further sum of $100.00 expended for bond premium, but that said last two items were wrongfully retained by the said Edward P. Cleary out of the Town Fund, of said Town of Ganeer, whereas he should be credited with said last two items on his Road and Bridge Fund and if so credited is entitled to no credit for said items on his Town Fund, and that Hartford Accident and Indemnity Company, a Corporation, has subsequent to the filing of this suit made a good and sufficient tender of $416.54, the admitted shortage in the Road and Bridge Fund, and that said tender has been kept good.

"That in the manner provided by statute there had been levied in the Town of Ganeer, prior to the appointment of Edward P. Cleary as Supervisor, a special tax for hard road purposes; that said tax had been levied and collected and was known as the Permanent Road Fund; and that said tax was received by said Edward P. Cleary after he qualified as Treasurer of the Road and Bridge Fund.

"That said Edward P. Cleary gave no separate bond before receiving the monies known as the Permanent Road Fund, but did give the bond, a copy of which is attached to the declaration herein.

"That said Edward P. Cleary received between February 27, 1932, and May 13, 1933, from the County Collector of said County of Kankakee, the special taxes levied and collected for hard road purposes for said Town of Ganeer and known as the Permanent Road Fund, in the sum of seven thousand thirty-six dollars and eighty-two cents ($7036.82).

"That he has accounted for one thousand twenty-five dollars and fifty-two cents ($1025.52) of said Permanent Road Fund, and that the balance of said Permanent Road Fund received by him as aforesaid has

not been accounted for or paid over to his successor; that he was entitled to retain $70.36 as commission on said Permanent Road Rund; that said last mentioned item was retained by the said Edward P. Cleary out of the Town Fund of said Town of Ganeer.

"It is further stipulated by and between the Town of Ganeer, County of Kankakee, Illinois, plaintiff and the Hartford Accident and Indemnity Company, a Corporation, defendant, that the said parties shall each have reserved to itself all rights to object to the materiality, relevancy, and competency of any of the facts hereinbefore set forth, and further, shall each have the right reserved to it to move that the Court or jury disregard any of said facts, said reservation to be without prejudice because of the fact that the parties have entered into this qualified stipulation.

"It is further stipulated between the parties to this stipulation that each of the parties hereto reserves the right to offer any other competent evidence in this case."

The case was tried before the court without a jury. The defendant made a motion to have the court disregard paragraphs 6, 8 and 9 of the stipulation on the theory that the facts as set forth in this part of the stipulation do not apply to the suit in question as the defendant could be held liable only for the amount of the shortage of the treasurer in the general road and bridge fund of the township. The court overruled the defendant's motion and entered judgment against the defendants. The amount of the debt was fixed at $40,000, and the damages at $6,357.48, together with costs of the suit. From this judgment the case is brought to this court by appeal for review.

It is first insisted by the defendant that the court erred in refusing to sustain its motion to dismiss the suit because the suit is improperly brought. The same question was before this court in the case of

*In re Claim of Morton v. Estate of White,* 274 Ill. App. 672 (Abst.). We at that time held that the suit was properly brought as the township is the beneficiary party and the real claimant of the money sued for. It is our opinion that the motion to dismiss the suit for this reason was properly overruled.

The most serious question in this case is whether the bond given by the supervisor at the time he was elected, and filed with the county clerk pursuant to law, covers the shortage of the treasurer of what is commonly designated as the permanent road fund. Cahill's St. ch. 121, ¶ 58 (section 58 of ch. 121, Smith-Hurd Revised Statute) provides as follows: "The treasurer of the road and bridge fund shall receive and have charge of all moneys raised in the town or district for the support and maintenance of roads and bridges therein, and for road damages." The section continues and states for what purposes money shall be held and disbursed by the treasurer. Part 1 of said section provides as follows: "The supervisor or clerk, as the case may be, before becoming entitled to act as treasurer, and within ten days after his election, shall execute a bond in double the amount of moneys likely to come into his hands by virtue of this Act, conditioned that he will faithfully discharge his duties as such treasurer, that he will honestly and faithfully account for and pay over, upon the proper orders, all moneys coming into his hands as treasurer, and the balance, if any, to his successor in office. Such bond shall be payable to the town or district, and shall be in such sum as the commissioner of highways shall determine. Said bond shall be approved by the commissioner of highways, and shall be filed in the office of the *county clerk* with such approval endorsed thereon."

The supervisor of the Town of Ganeer in Kankakee county complied with the terms of this statute by

executing the $40,000 bond in question. It is not questioned that this bond was not properly executed and filed with the county clerk before any money was turned over to Edward P. Cleary as such treasurer.

Section 112 of the Roads and Bridges Act heretofore mentioned, Cahill's St. ch. 121, ¶ 121, under subd. VIII, entitled "Gravel, Rock, and Macadam—Hard Roads," provides for the issuing of bonds and the sale of the same and the disposition of the proceeds thereof. The same under subheading "Duties of Treasurer" provides as follows: "The treasurer of the road and bridge fund of any town or district before receiving any of said fund therein provided for, shall execute a good and sufficient bond, with two or more sureties, to be filed with the *town clerk* or district clerk, as the case may be, for the benefit of the town or district, in double the amount which will probably come into his hands by virtue of this subdivision of this Act." Cahill's St. ch. 121, ¶ 122. Par. 123 continues: "The tax, when collected, shall be paid to said treasurer as fast as collected, except such rate per cent as shall be allowed for collecting the same, and said tax shall be known and kept as the permanent road fund. The treasurer shall be allowed one per cent on all of said fund that comes into his hands."

It is the contention of the defendant that under this statute the fund derived from the sale of the bonds was a separate and distinct fund from the road and bridge fund and the treasurer was required by law to give a separate bond to protect this fund. By the stipulation it is conceded that the treasurer in this instance failed to file such bond, but the plaintiff contends that the terms of the bond given by the supervisor at the time he qualified for office is broad enough to include all the funds that came into his hands as treasurer of the township. An examination of section 52 of the Roads and Bridges Act, Cahill's

St. ch. 121, ¶ 58, discloses that the bond required under that section shall be filed with the *county clerk;* that the bond required under section 113 of the same act, Cahill's St. ch. 121, ¶ 122, requires the bond shall be filed with the *town clerk.* Evidently the legislature, in passing this law, contemplated that in some instances the town treasurer would have the custody of two separate funds: one for the maintenance of roads and bridges and for road damages, and the other for the building of permanent roads. It is our opinion that the bond in question should not be construed as covering the treasurer's shortage of $5,940.94 in the permanent road fund, and the court erred in rendering judgment against the defendant on this part of the plaintiff's claim.

After the suit was started the defendant tendered the plaintiff the sum of $416.54, which it is agreed is the shortage of the treasurer in the road and bridge fund. By the stipulation of the parties it is agreed that this tender has been kept good. The defendant contends the case should be reversed to the trial court with instructions to enter judgment for the plaintiff in the amount of $416.54 and the costs of this appeal should be taxed against the plaintiff. According to the stipulation the defendant did not tender this amount to the plaintiff until after suit had been started and some of the costs accrued. Under the law, a tender to be good, the accrued costs must also be tendered at the time, if the defendant wishes to avoid the liability for the costs of suit.

The judgment of the circuit court of Kankakee county is hereby reversed, and the clerk of this court is hereby authorized and directed to enter the following judgment in this court: "It is therefore considered and ordered by the Court that the plaintiff the Town of Ganeer have and recover from the defendant the Hartford Accident and Indemnity Company, a Corpo-

ration, the said debt of $40,000.00 and said damages in the amount of $416.54. And that execution issue for the amount of $416.54, and that said debt be discharged upon the payment of said damages and costs of suit including the costs of this appeal.''

*Reversed and judgment here.*