George Cosgrove, Plaintiff in Error, v. Highway Commissioner of the Town of Rockville, Defendant in Error.

Gen. No. 8,831.

Opinion filed August 14, 1935. Rehearing denied September 30, 1935.

Samuel W. King, for plaintiff in error.

Eva L. Minor, of Kankakee, for defendant in error.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

On September 23, 1929, in the circuit court of Kankakee county, George Cosgrove, the plaintiff, started suit against the highway commissioner of the town of Rockville in said county. The action is an assumpsit suit to recover for labor, services and materials furnished by the plaintiff to the defendant. The bill of particulars filed by the plaintiff stated that the amount sued for was the balance due the plaintiff on a contract in writing entered into on Oct. 21, 1921, for the building of a hard road; that the contract price was $4,200; that the same had been approved by the county superintendent of highways; that the plaintiff had performed the work which has been fully accepted by the defendant; that warrants and orders were duly issued by the defendant to the plaintiff for the amount due on the contract; that payments were made from time to time and new orders issued by the defendant for the balance remaining due on the contract; that on Aug. 8, 1927, the remaining amount due the plaintiff from the defendant was $2,000 and as evidence thereof, the treasurer delivered to the plaintiff its order No. 322; that this order is drawn on the treasurer of the town of Rockville and directs him to pay to the order of Peotone Citizens State Bank the sum of $2,000. This order is signed by the commissioner of highways, Lewis Lamore, and by J. B. Shreffler, town clerk. It recites that it is due July 19, 1928.

The defendant pleaded the general issue and seven special pleas. The plaintiff joined issue on the first plea and filed replications to the special pleas. After the issues were made and a jury waived the cause was heard by the court on July 14, 1932. The court found

the issues for the defendant and entered judgment in bar of the action, and assessed the costs against the plaintiff. From that judgment an appeal was prayed to this court but never perfected. On July 13, 1934, the plaintiff sued out of this court a writ of error and the record thereof was filed herein on Sept. 8, 1934. On motion of the defendant in error during our February term, this court, on March 18, 1935, dismissed the writ of error because no final judgment had been rendered by the trial court. On May 6, 1935, the order dismissing the writ of error was vacated. On May 24, 1935, the plaintiff in error filed in this court his suggestion of a diminution of the record, and entered a motion for leave to file an additional record herein. Objections to this suggestion and motion were filed by the defendant in error, which were taken with the case.

From the additional records it appears that on May 20, 1935, the plaintiff, having given notice to the defendant in error, made a motion in the circuit court of Kankakee county for an order directing the clerk of that court to enter a final judgment *nunc pro tunc* as of July 14, 1932. This was done and a proper judgment entered and the supplemental or additional transcript of the record has been certified to this court by the clerk of the circuit court of Kankakee county. We are of the opinion that the motion to file the additional record should be allowed and should be filed as of September 8, 1934, the same being the date that the original record was filed herein. It is the law that a judgment is rendered by the court at the time it makes its pronouncement and does not depend upon the action of clerk either in recording or expanding the minutes of the judge. The additional record certified to this court shows that the judge on July 14 rendered a judgment against the plaintiff in error and the same became binding from that date. *People v. Petit,* 266 Ill. 628.

On September 4, 1920, the citizens of the town of Rockville voted under sections 108 and 109 of the Roads and Bridges Act, Cahill's St. ch. 121, ¶¶ 117, 118, to levy special taxes of 66 2/3 cents per $100 assessed valuation of all taxable property in that town for the purpose of constructing some seven miles of a nine-foot macadam road over certain described highways. On the same day they also voted in accordance with the provision of section 112 of said act, Cahill's St. ch. 121, ¶ 121, to issue bonds for road purposes to the amount of $22,000 for building the same nine-foot macadam roads. The contract in evidence between the plaintiff and the defendant in error, on Oct. 21, 1921, provided for the construction of a part of the roads for the payment of which the bonds had been issued and the special tax levied. The plaintiff in error completed his work as required by the contract in July or August, 1922. This suit was commenced on September 23, 1929. It is claimed by the defendant in error that all of the money provided by the taxpayers for the building of these hard roads had been paid out by the highway commissioner prior to the commencement of the suit.

It is not disputed by the defendant in error that the plaintiff had fully completed his part of the contract nor that the defendant has received the benefit of his work and material, but they say in their brief, "The question before the court is, is the Highway Commissioner of the Town of Rockville, a corporation, liable to pay the plaintiff in error for the construction of these hard roads out of the general road and bridge fund, or was the plaintiff in error bound to receive payment out of the permanent road fund provided by the taxpayers for that purpose?"

Our courts have frequently held that highway commissioners have no powers except those conferred by statute and they can perform no acts nor impose any burdens except those plainly authorized by the stat-

utes. When they undertake to perform any act that the statute does not say they may do, that act will be void. *People v. Hedges,* 289 Ill. 378; *Ohio & M. Ry. Co. v. People,* 123 Ill. 648. It is conceded that the township had authority to enter into the contract in question and that the same was a legal and valid one.

When the town of Rockville voted to issue bonds for the construction of these hard roads and sold the bonds that created the fund known as the permanent or hard road fund, it became a separate and distinct fund from the general road and bridge fund. We so held in the case of *Town of Ganeer v. Cleary,* 280 Ill. App. 34. In the Third District in the case of *Town of Dry Grove v. Otto,* 266 Ill. App. 234, the Appellate Court in discussing whether the town treasurer, whom it was conceded was entitled to a commission for the collection and distribution of the permanent hard road fund, could pay himself out of the general or common road and bridge fund says, "It must be conceded that the permanent road fund and the common road and bridge fund are separate and distinct funds. . . . It is unquestionably the law that public funds acquired by taxation or otherwise for one specific purpose cannot be paid out of a tax fund levied for another purpose."

The record shows in this case that after the completion of the contract in question the defendant in 1922 issued to the plaintiff a voucher, which on its face showed that it was to be paid out of the hard road fund as payment in full on the contract. This voucher was never paid, but other vouchers were issued each year for the amount that remained due under the original contract. It is conceded by the plaintiff in error that all subsequent orders after the 1922 order were void because the commissioner of highway had no authority to issue such vouchers. It is our opinion that, when the plaintiff accepted the voucher in 1922 in full payment of his contract and the voucher was drawn on the hard road fund in the hands of the treasurer of the

town of Rockville, he accepted that voucher in payment for his contract and was bound to look to the funds designated as hard road or permanent road fund in the hands of the treasurer for payment.

The plaintiff in error insists that this court in a similar case of *First Nat. Bank of Braidwood v. Highway Com'r of Rockville,* 270 Ill. App. 638 (Abst.), held that the township was bound to pay the amount remaining due because they had accepted the work and the material from the contractor and were bound by the contract. An examination of that opinion discloses that the questions of defense raised in the case we are now considering were not raised in the *Braidwood* case. It is stated in the Braidwood opinion, "that the defendant by its various pleas, to which a demurrer was not sustained, contends first: that it was not indebted to the plaintiff; second, that the five years statutory limitation applies; and third, that there was no money in its treasury or taxes levied to pay such warrant at the time the contract herein referred to was made."

It will be observed that the town of Rockville in its present brief has not argued that the statute of limitation applies, nor that there was no money in its treasury or no tax levied to pay such warrant at the time the contract was made. They specifically state that there was money in the treasury sufficient to pay the defendant at the time the contract was made, and insist that he was bound to look to that fund to pay for his work. We see nothing in the *Braidwood* case that is inconsistent with the defense in this case.

The appellant contends that the defendant cannot raise the defense of payment since they did not plead the same. The appellee replies that they can show payment under a plea of general issue. This court in the case of *Surface v. Chicago, M. & St. P. R. Co.,* 191 Ill. App. 261, held that the general rule is that payment may be pleaded specially, or proven under the general

issue. To the same effect is the case of *O'Brien v. O'Brien,* 75 Ill. App. 263. Proof of payment was proper under the pleas in this case.

We have examined the cases cited by the appellant but find that the defense raised in the present case was not in any of these cited. The principal question in the cited cases is whether there were funds available to pay for the contract when the township had accepted its benefits. We find no reversible error in the case and the judgment of the circuit court is hereby affirmed.

*Judgment affirmed.*