Stephen Norwick, et al., Plaintiffs-Appellees, v. Village of Winfield, a Municipal Corporation, Robert Coombs, President, Claire (Sued Herein as Clara) Jedlovec, Clerk, Rowland (Sued Herein as Roland) G. Morken, Robert Stuart (Sued Herein as Stewart), James Jordan, et al., Defendants-Appellants.

Gen. No. 66–86.

Second District.

March 29, 1967.

Shehee & Berent, of Wheaton, for appellants.

Redman and Shearer, of St. Charles, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

Six property owners in the Village of Winfield in Du Page County brought this action seeking a declaratory judgment that a certain ordinance of that Village was void for lack of statutory authority.

The Village in question has a combined waterworks and sewerage system as authorized under section 11–139–1 et seq. of chapter 24 of the Illinois Revised Statutes for 1965. The Village charges a fee of $125 for making connection to its sewer mains. By the ordinance here in question the Village charges an additional fee called a "sewer property charge" of $250 and a "treatment plant charge" of $50 for those applicants who have made written agreements and deposits of $50 with the Village, and a "sewer property charge" of $300 and a "treatment plant charge" of $50 for those applicants who have not made the written agreement and furnished the deposit.

The ordinance then provides that the "sewer property charges" shall be paid into the Waterworks and Sewerage System Construction Fund account to be used and held for the purpose of constructing improvements and extensions to the sanitary sewer system of the Village.

Counsel for the Village concedes in this court that the so-called "sewer property charges" have no relation to the cost of making connection to the sewers but are held and used for the purpose of constructing future improvements and extensions to the system.

The Village supplied the trial court with a so-called "Feasibility Report" indicating streets in the Village where sewers could be extended at some time in the future, the time being unspecified.

The trial court found that the ultimate issue was the validity of that section of the ordinance which provides for the sewer property charge and the treatment plant charge. The trial court found further that there was no statutory authority for either charge and that the Village did not have a specific plan for the expansion of the system. The trial court concluded that the fund so created was "isolated" for undefined expansion at an undetermined time. Whereupon the trial court declared the section of the ordinance establishing the sewer property charge and treatment plant charge to be void. This appeal followed.

■ This appears to be a case of first impression in Illinois and we must therefore look to the statute to determine the right of the municipality to make the charges in question. It is horn-book law that Illinois municipalities are creatures of the legislature and therefore have only delegated powers.

Section 11–139–2 (Ill Rev Stats 1965, c 24, § 11–139–2) provides in part:

"A municipality owning, acquiring, or constructing and providing for the operation of a combined water-

works and sewerage system may improve and extend that system, and may impose and collect charges or rates for the use of that system as provided in this Division 139."

Section 11–139–8 (Ill Rev Stats 1965, c 24, § 11–139–8) provides in part as follows:

"The corporate authorities of any municipality availing itself of this Division 139 may (1) make, enact, and enforce all needful rules and regulations for the acquisition, construction, extension, improvement, management, and maintenance of the combined waterworks and sewerage system of the municipality and for the use thereof, (2) make, enact, and enforce all needful rules, regulations, and ordinances for the care and protection of such a system, which may be conducive to the preservation of the public health, comfort, and convenience and to rendering the water supply of the municipality pure and the sewerage harmless insofar as it is reasonably possible to do so, and (3) charge the inhabitants thereof a reasonable compensation for the use and service of the combined waterworks and sewerage system and to establish rates for that purpose. Separate rates may be fixed for the water and sewer services respectively or single rates may be fixed for the combined water and sewer services. These rates, whether separate or combined, shall be sufficient at all times to (1) pay the cost of operation and maintenance of the combined waterworks and sewerage system, (2) provide an adequate depreciation fund, and (3) pay the principal of and interest upon all revenue bonds issued under this Division."

■■ It appears from the legislative scheme that municipalities may extend their sewer systems and may provide for and collect charges for the use of those

200

systems. The charges imposed must be sufficient to pay for the cost of the operation and maintenance of the system, to provide a depreciation fund and to pay principal and interest upon revenue bonds issued for that purpose. It is apparent that the legislature envisioned a pay-as-you-go scheme whereby an individual property owner would pay for his actual use of the system. Charges for the actual use of a system have been sustained and a municipality is not limited to financing local improvements by special assessment or special taxation. Spalding v. City of Granite City, 415 Ill 274, 113 NE2d 567 (1953).

In the case of Spalding v. City of Granite City, ibid., the Supreme Court held valid a sewer connection charge in the City of Granite City even though different rates were fixed for persons in different circumstances. The court held that it was proper to charge connection charges for the actual use of the extension to a sewer system. The name given the charge is of no consequence, the key being whether or not the charge is for actual use or for some undetermined use.

In the case at bar the charge in question is not for actual use of the sewer or for even a proposed use. It is rather a charge for the construction of a sewer system at some future time to serve someone else. If that time ever comes the Village has every right to establish a charge against those persons who will use the sewers constructed at that time, and thereby pay for the cost of such construction. However, the Village has no right, nor is there any authority for a municipality to charge persons for the construction or extension of a sewer which is not even contemplated at the time the charge is made.

Quite to the contrary we have been able to find cases, which by analogy, are in direct conflict with the Village's theory. In the case of The People v. Bell, 309 Ill 387, 141 NE 187 (1923), our Supreme Court in speaking of a

similar situation whereby the school board attempted to accumulate a fund for a future school building, stated at page 389:

"A building tax cannot be lawfully levied when no part of it is needed for the ensuing year and where the levy is made for the purpose of raising a fund for possible future uses. As we understand this record, no part of the building tax was needed for the ensuing year nor was the expenditure of any of it for that purpose contemplated, except for possible future needs."

In Mathews v. City of Chicago, 342 Ill 120, 174 NE 35 (1930), the court, in discussing the propriety of a levy under the Working Cash Fund Statute, had this to say at page 138:

"It is true that taxes should not be levied for the purpose of accumulating funds for the remote future or for contingencies which may never occur. Taxes are levied because they are necessary to defray the expenses of the government and not for the purpose of enriching the public treasury. The unnecessary accumulation of money in the public treasury is unjust to the people because it deprives them of the use of the money taken from them for a considerable period, and is impolitic, as it may tempt those having the custody of the funds to use them improperly."

See also, People ex rel. Brenza v. Fleetwood, 413 Ill 530, 551, 109 NE2d 741 (1953), and People ex rel. Brenza v. Morrison Hotel Corp., 4 Ill2d 542, 547, 123 NE2d 488 (1955).

The Village directs our attention to foreign cases. These are of no assistance because of the differences in the statutory provisions of those states. This is particularly true in states with so-called "home rule" municipalities. The Village also urges us to accept the so-called

202

"Feasibility Report" as a plan for the future development of the Village sewer system. This Report merely states that the suggestions are feasible. We assume other sewers in other locations would also be feasible. The Report is not a binding plan in any sense.

██ We conclude that the Village is simply trying to set up a fund to build sewers at an undetermined place at some undetermined time in the future. The fund is thereby "isolated" as the trial judge very aptly noted. We therefore hold that connection charges may be established and collected for the actual use of an existing sewer or sewer system. Charges not relating to the actual use, such as, charges to provide a fund to build sewers at an undetermined future time and place are unauthorized and therefore invalid.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.